## Norfolk

## STANLEY RAY PALMER

v.

## COMMONWEALTH OF VIRGINIA

No. 0678-91-1

Decided April 14, 1992

COUNSEL

Theresa B. Berry (Office of the Public Defender, on brief), for appellant.

Virginia B. Theisen, Assistant Attorney General (Mary Sue Terry, Attorney General, on brief), for appellee.

OPINION

WILLIS, J.—Stanley Ray Palmer, the appellant, was convicted of robbery and use of a firearm in the commission of a felony. He was sentenced to ten years imprisonment on the robbery charge and two years on the firearm charge. On appeal, Palmer contends that the trial court erred in (1) ordering him to cut his hair and shave his facial hair, except his mustache, and participate in a live lineup in violation of the fifth amendment, (2) ordering him to cut his hair and shave his facial hair, except his mustache, and participate in a live lineup in violation of the first amendment, (3) allowing into evidence his refusal to comply with the order, and (4) finding sufficient evidence to convict him of robbery and use of a firearm. We find no error and affirm.

On May 23, 1990, Barbara Cope was working alone at Merita Bread Thrift Store in Virginia Beach. She testified that the appellant, who had been in the store on previous occasions, robbed her. She described the robber as soft-spoken. The following day, she picked Palmer's 1986 photo out of a photographic lineup. She stated, however, that the man who robbed her was clean shaven.

At preliminary hearing on September 7, 1990, Ms. Cope could not positively identify Palmer as the robber. She said that his appearance had changed so as to "shock" her. The trial court granted the Commonwealth's motion to compel Palmer to shave, cut his hair and participate in a live lineup, but Palmer refused to comply. This refusal was described in the testimony.

On appeal, Palmer first contends that his fifth amendment rights were violated when the court ordered him to cut his hair,

shave, and participate in a live lineup. However, Palmer did not raise this fifth amendment claim before the trial court and is thus barred from raising it for the first time on appeal. Rule 5A:18; *Gardner v. Commonwealth*, 3 Va. App. 418, 423, 350 S.E.2d 229, 232 (1986).

■ Palmer's second contention is that the court order violated his first amendment protections. He argues that the Commonwealth failed to show a substantial justification for ordering him to comply. We disagree. The record shows that Palmer wore his hair and beard not for the purpose of expressive conduct, but rather as personal preference. Conduct which is not intended to express an idea is not protected speech. *United States v. O'Brien*, 391 U.S. 367, 376-77 (1968).

Personal freedoms are not absolute and must yield when they intrude on the freedoms of others. The Commonwealth demonstrated a substantial need to have Palmer cut his hair and shave. It sought to have his appearance temporarily altered to its alleged condition at the time of the crime so that the witness, who was "shocked" by his changed appearance, could make a clear identification. Palmer's opposing interest was his personal preference of hairstyle. The Commonwealth's interest in justice clearly outweighs Palmer's interest in hairstyle. We find no violation of Palmer's first amendment rights.

Palmer's third contention is that the trial court erred in allowing into evidence the fact that he refused to comply with the court order. He argues that evidence of his noncompliance is akin to commenting on his failure to testify.

■ We find that the trial court properly admitted evidence of Palmer's failure to comply with the court order. To be admissible, evidence must tend to prove or disprove the issues at hand or be pertinent to them. *Stamper v. Commonwealth*, 220 Va. 260, 269, 257 S.E.2d 808, 815 (1979), *cert. denied*, 445 U.S. 972 (1980). Palmer's refusal to comply with the court order was a circumstance tending to show guilt and was properly considered by the trier of fact.

[I]t is today universally conceded that the fact of an accused's flight, escape from custody, resistance to arrest, concealment, assumption of a false name, and related conduct

are admissible as evidence of consciousness of guilt, and thus of guilt itself.

*Langhorne v. Commonwealth*, 13 Va. App. 97, 102, 409 S.E.2d 476, 480 (1991). Resistance to the court order suggests an attempt at concealment, evidence of Palmer's consciousness of guilt.

Finally, Palmer contends that the evidence was insufficient to convict him of robbery and use of a firearm in the commission of a felony. He argues that his identity as the robber was not sufficiently proven. He states that Ms. Cope could not identify him in the preliminary hearing. He argues that when she did identify him, she testified that she relied on his eyes for that identification, yet did not know the color of his eyes. These are only two factors to be considered.

■ On appeal, we view the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom. *Norman v. Commonwealth*, 2 Va. App. 518, 520, 346 S.E.2d 44, 45 (1986). Considered thus, the evidence was sufficient to convict Palmer. At trial, Ms. Cope positively identified him as the man who robbed her. During the robbery she stood only two to three feet from the robber. Ms. Cope had seen Palmer in the store on other occasions. She said that he spoke with a soft voice and she recognized that same voice at trial. A day after the robbery, Ms. Cope picked Palmer's photo out of a photographic lineup.

For the foregoing reasons, the judgment of the trial court is affirmed.

*Affirmed.*

Baker, J., and Duff, J., concurred.