COURT OF APPEALS OF VIRGINIA


Present:  Judges Baker, Bray and Overton
Argued at Norfolk, Virginia


ROBERT V. GALLUP
                                     MEMORANDUM OPINION* BY
v.          Record No. 2921-96-1    JUDGE RICHARD S. BRAY
                                       FEBRUARY 17, 1998
CITY OF SUFFOLK


        FROM THE CIRCUIT COURT OF THE CITY OF SUFFOLK
                  Westbrook J. Parker, Judge

        Barry R. Taylor (Claude M. Scialdone;
        Scialdone & Associates, on brief), for
        appellant.

        B. Kay Wilson (C. Edward Roettger, Jr.;
        Office of the City Attorney, on brief), for
        appellee.


     Robert V. Gallup (defendant) appeals his conviction for

violating § 18-11.1 of the Suffolk City Code, a local ordinance

regulating public nudity.  He argues that the ordinance is

overbroad, "under the First Amendment guarantee of free speech,"

vague, "under the due process guarantee of the Fifth and

Fourteenth Amendments," and that the trial court erroneously

denied defendant standing to rely upon such constitutional

principles.  Finding no error, we affirm the conviction.

     The parties are fully conversant with the record, and this

memorandum opinion recites only those facts necessary to the

disposition of this appeal.

     While passing defendant's home in an automobile, a citizen

_____
        *Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

observed defendant standing nude "beside his house," clearly visible from the roadway. Defendant was cited for a violation of Suffolk City Code § 18-11.1. At trial, defendant admitted "working in the back yard of his home," naked, at the time of the offense, but denied any intention to expose himself to others. Defendant testified that he would have "step[ped] behind the house, garage, or the truck to preclude anyone from seeing," had he heard an approaching vehicle. Defendant had been charged with violations of the ordinance on no fewer than three prior occasions.

Following defendant's arrest, Suffolk Code § 18-11.1 was repealed and replaced with an ordinance which appellant states, "mirrors the Code of Virginia's version . . . [and] probably is constitutional."

### Constitutionally Protected Free Speech

"[F]reedom of speech under the Constitution is not absolute." Hernandez v. Superintendent, 800 F.Supp. 1344, 1349 (E.D. Va. 1992).

> The test for determining whether conduct qualifies as protected "speech" is whether "[a]n intent to convey a particularized message was present, and [whether] the likelihood was great that the message would be understood by those who viewed it." Thus, proof of three elements is required to establish that conduct is communicative or expressive within the meaning of First Amendment analysis: (i) requisite intent; (ii) a particularized message; and (iii) likely understanding by viewers. The nature and context of the conduct are essential considerations in the application of this test.

Id. (citations omitted).  Hence, "[f]reedom of speech presupposes a willing speaker," Virginia State Bd. of Pharmacy v. Virginia Citizens Consumer Council, 425 U.S. 748, 771 (1976), and conduct "intended to express an idea . . . ."  Palmer v. Commonwealth, 14 Va. App. 346, 348, 416 S.E.2d 52, 53 (1992) (citing United States v. O'Brien, 391 U.S. 367, 367–77 (1968)).

Here, defendant clearly did not intend to present himself in public "au naturel."  To the contrary, he testified that he exercised care to avoid public view, hiding himself whenever anyone approached.  Thus, defendant's conduct had no expression or communicative purposes and did not implicate the First Amendment.

### Overbreadth Under the First Amendment

"'The First Amendment doctrine of . . . overbreadth is an exception to the general rule that a person to whom a statute may be constitutionally applied cannot challenge the statute on the ground that it may be unconstitutionally applied to others.'" Perkins v. Commonwealth, 12 Va. App. 7, 11–12, 402 S.E.2d 229, 232 (1991) (quoting Massachusetts v. Oakes, 491 U.S. 576, 581 (1989)).  "The doctrine is predicated on the danger that an overly broad statute, if left in place, may cause persons whose expression is constitutionally protected to refrain from exercising their rights for fear of criminal sanctions."  Oakes, 491 U.S. at 581 (citation omitted).

However, "overbreadth analysis is inappropriate if the

statute being challenged has been amended or appealed."  Id. at 582 (citing Bigelow v. Virginia, 421 U.S. 809, 829 (1975) (although "Virginia courts erred in denying . . . standing . . . where 'pure speech' rather than conduct was involved," "the statute's amendment [made] . . . the issue of its overbreadth . . . moot for the future")).  "Because it has been repealed, the former version of [Suffolk Code § 18-11.1] cannot chill protected expression in the future.  Thus, . . . the overbreadth question . . . has become moot . . ., and we do not address it."  Id. at 583-84.

Vagueness Under the Fifth and Fourteenth Amendments

Defendant further complains that "because the ordinance is so vague . . . it should be struck down as a violation of due process of law in that it fails to provide proper notice of what conduct is proscribed and what is not."

"When, as here, a statutory challenge does not implicate a constitutionally protected right, the 'narrow question is whether [the legislation] is vague as applied to the defendant['s] conduct . . . .'"  Commonwealth v. Carter, 21 Va. App. 150, 153, 462 S.E.2d 582, 584 (1995) (citation omitted).  Here, the defendant's prior experience with the original ordinance clearly informed him that the conduct in issue was proscribed by law. Hence, we likewise reject defendant's vagueness challenge.

Accordingly, we affirm the conviction.

Affirmed.