COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Fitzpatrick, Judge Coleman and
          Senior Judge Duff
Argued at Alexandria, Virginia


CHARLES A. HITCHCOCK, S/K/A
 CHARLES ALLEN HITCHCOCK
                                    MEMORANDUM OPINION[*] BY
v.         Record No. 1387-97-4    JUDGE SAM W. COLEMAN III
                                        APRIL 21, 1998
COMMONWEALTH OF VIRGINIA


              FROM THE CIRCUIT COURT OF STAFFORD COUNTY
                      J. Peyton Farmer, Judge

          William G. Dade for appellant.

          John K. Byrum, Jr., Assistant Attorney
          General (Richard Cullen, Attorney General, on
          brief), for appellee.


     Charles Allen Hitchcock was convicted by a jury for two

counts of abduction and use of a firearm in the commission of

abduction.  On appeal, he contends:  (1) the Commonwealth failed

to disclose exculpatory evidence during discovery; (2) the trial

court erred by admitting evidence that he failed to appear at

preliminary hearing and arraignment proceedings pertaining to the

abduction charges; and (3) the evidence is insufficient to

support the convictions.  We disagree and affirm the convictions.

     BACKGROUND

     Shawn Austin, one of the abduction victims, suspected that

appellant had stolen his all-terrain vehicle (ATV) and was

secreting it on appellant's property.  Late at night, Austin and

---

     [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

Robert Perryman rode their ATVs onto appellant's property to search for the missing ATV. Austin and Perryman, who were masked or hooded, were riding across the property when appellant and his brother, Shawn Hitchcock, "jumped out of the woods," pointed rifles at Austin, and yelled "Freeze." Austin stopped, removed his hood, and identified himself. Perryman tried to ride away, but wrecked in a ditch. Shawn Hitchcock followed Perryman while appellant held a gun on Austin and escorted him to where Perryman had wrecked.

Perryman testified that appellant, while training his rifle at him and Austin, stated: "If we help you get [Perryman's] four-wheeler out [of the ditch], you are going back to the house with us." Appellant helped Perryman retrieve the ATV from the ditch while Shawn Hitchcock pointed his rifle at Austin and Perryman. Shawn Hitchcock told Austin: "[T]ell your friend the next time somebody tells him to freeze he had better stop, because I was about two seconds from blowing his head off." The Hitchcocks also told Austin and Perryman that the police had been called and that the four of them had to await the arrival of the police at the Hitchcocks' house. Shawn Hitchcock admitted at trial that the police had not been called. Both Austin and Perryman testified that they went with the Hitchcocks to the house because they feared that appellant and his brother would shoot them.

The Hitchcocks followed Austin and Perryman to the house.

- 2 -

Although neither Austin nor Perryman observed whether the Hitchcocks held their guns on them as they rode to the house, they testified that appellant and Shawn were training their guns on them when they started toward the house and when they arrived there. Eventually, appellant and his brother told Austin and Perryman to leave. Appellant was convicted by a jury for abduction of Austin and Perryman and use of a firearm in the commission of abduction.

### I. COMMONWEALTH'S DUTY TO DISCLOSE EXCULPATORY EVIDENCE

Due process requires the Commonwealth to disclose all exculpatory evidence to an accused. Allen v. Commonwealth, 20 Va. App. 630, 637, 406 S.E.2d 248, 251 (1995) (citing Brady v. Maryland, 373 U.S. 83 (1963)). "Exculpatory evidence" is defined as evidence that is "material to guilt or punishment and favorable to the accused," id., and includes impeachment. See United States v. Bagley, 473 U.S. 667, 676 (1985); Robinson v. Commonwealth, 231 Va. 142, 150, 341 S.E.2d 159, 164 (1986). Evidence is "material," and its nondisclosure justifies reversal on appeal, only "if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." Bagley, 473 U.S. at 682; see Correll v. Commonwealth, 232 Va. 454, 465, 352 S.E.2d 352, 358 (1987).

In the present case, appellant's father had obtained misdemeanor warrants charging Austin and Perryman with

trespassing on the Hitchcocks' property.  Upon learning of the warrants and determining that they were "meritless," the Commonwealth's attorney obtained a nolle prosequi of the trespassing charges.  The Commonwealth did not disclose to appellant's counsel that Austin and Perryman had been charged with trespassing and that the Commonwealth nol prossed the charges.

Appellant contends the fact that trespass warrants were issued and nol prossed constituted "exculpatory evidence" which the Commonwealth was required to disclose under the holding in Brady v. Maryland.  We disagree.  As noted in Part III, infra, a landowner may use reasonable force to eject a trespasser but has no right to abduct the trespasser.  The fact that Austin and Perryman had been charged with trespassing does not tend to establish any "legal justification" for appellant to abduct them or in any other way tend to exonerate the appellant or impeach the testimony of a witness.  Furthermore, we fail to see, and appellant fails to demonstrate, how the Commonwealth's obtaining a nolle prosequi of the charges could have induced Austin and Perryman, as victims of the alleged abduction, to testify against appellant, or improperly influenced their account of the incident.  Cf. Moreno v. Commonwealth, 10 Va. App. 408, 415-16, 392 S.E.2d 836, 841 (1990) (Commonwealth required to disclose information regarding relationship of informant-witness with prosecuting authorities).  We fail to see that the nolle prosequi

- 4 -

of the warrants was exculpatory or could have led to exculpatory evidence.  Accordingly, we cannot say that had the Commonwealth apprised appellant of the facts surrounding the trespassing warrants, that a reasonable probability exists that the outcome of appellant's abduction trial would have been different.  See Bagley, 473 U.S. at 682.  Because the evidence was not exculpatory, the Commonwealth was not required under Brady to disclose it.

## II.  EVIDENCE OF APPELLANT'S FAILURE TO APPEAR
## AT PRELIMINARY HEARING AND AT ARRAIGNMENT

The Commonwealth introduced evidence that appellant failed to appear at a preliminary hearing in general district court and at arraignment in the circuit court regarding the abduction charges relating to Austin and Perryman.  The Commonwealth presented the evidence to establish appellant's consciousness of guilt on the charges against him.

Evidence of an accused's flight from prosecution is admissible as evidence of consciousness of guilt, and, thus, of guilt itself.  See Palmer v. Commonwealth, 14 Va. App. 346, 348-49, 416 S.E.2d 52, 53 (1992); Langhorne v. Commonwealth, 13 Va. App. 97, 103, 409 S.E.2d 476, 479 (1991) ("Any flight at a time when it may be to avoid arrest, prosecution, or confinement tends to show a consciousness of guilt.").  We have held that evidence of an accused's failure to appear at trial may be properly admitted to prove his flight from prosecution and, thus, is a fact that may be proven for the jury to infer the accused's

consciousness of guilt.  See Langhorne, 13 Va. App. at 101-02, 409 S.E.2d at 477.

The trial court did not err by admitting evidence that appellant failed to appear at the preliminary hearing and arraignment.  Appellant's argument is unsound that his appearance at trial rendered irrelevant and immaterial the evidence that he failed to appear at arraignment and at the preliminary hearing. By his truancy, the jury could find that appellant attempted to elude the charges and hinder the prosecution against him. Appellant's failure to appear for a preliminary hearing and arraignment, like the failure to appear for the trial, is evidence of flight from prosecution and was admissible to establish his consciousness of guilt on the charges against him.

Furthermore, contrary to appellant's assertion, the Commonwealth was not required to prove that appellant had been convicted of failing to appear at the proceedings.  See Wright v. Commonwealth, 245 Va. 177, 191, 427 S.E.2d 379, 388-89 (1993).

### III.  SUFFICIENCY OF THE EVIDENCE

Code § 18.2-47 provides, in pertinent part, that "[a]ny person who, by force, intimidation or deception, and without legal justification or excuse, seizes, . . . detains or secretes the person of another, with the intent to deprive such other person of his personal liberty . . . shall be deemed guilty of abduction."

Under familiar principles of appellate review, we will not

disturb the jury's verdict unless it is plainly wrong or without evidence to support it. Traverso v. Commonwealth, 6 Va. App. 172, 176, 366 S.E.2d 719, 721 (1988). When the sufficiency of the evidence is challenged on appeal, we review the evidence in the light most favorable to the Commonwealth and grant to it all reasonable inferences fairly deducible therefrom. Higginbotham v. Commonwealth, 216 Va. 349, 352, 218 S.E.2d 534, 537 (1975).

Viewed accordingly, the evidence is sufficient to prove that appellant abducted Austin and Perryman and that he used a firearm in the commission of the abductions. Appellant and his brother jumped out of the woods, brandished rifles at Austin and Perryman, and commanded them to "freeze." With his rifle trained at Austin and Perryman, appellant told them that after he helped retrieve Perryman's wrecked ATV "you are going back to the house with us." Appellant and his brother also coerced the victims to go to the house by falsely telling them the police had been called. Both Austin and Perryman recounted how appellant and his brother pointed their rifles at them when they started riding toward the house and were doing so when they arrived. On these facts, the jury could reasonably conclude that appellant used "intimidation," by pointing his rifle at Austin and Perryman and commanding them to go with him to his house, and "deception," by falsely telling them the police had been called, in order to detain the two victims "with the intent to deprive [them] of [their] personal liberty." See Scott v. Commonwealth, 228 Va.

519, 526, 323 S.E.2d 572, 576 (1984).

Appellant argues that he had "legal justification" to confront and detain Austin and Perryman because they trespassed onto his property. Assuming, as the facts suggest, that Austin and Perryman were trespassing, appellant's argument has no merit. Virginia common law has long recognized the right of a landowner to order a trespasser to leave his property, and, should the trespasser refuse, "to employ proper force to expel him, provided no breach of the peace is committed . . . ." Pike v. Commonwealth, 24 Va. App. 373, 375, 482 S.E.2d 839, 840 (1997) (emphasis added). However, although a proprietor may use such force as is reasonably necessary to expel a trespasser, a proprietor may not unlawfully seize or detain a trespasser. Cf. Montgomery v. Commonwealth, 99 Va. 833, 835-36, 37 S.E. 841, 842-43 (1901) (no right to attack trespasser). Accordingly, even if Austin and Perryman were trespassing, the appellant had no right to abduct them under Virginia law.

For these reasons, we affirm the convictions.

Affirmed.