COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Fitzpatrick, Judges Elder and Clements
Argued at Richmond, Virginia


MAURICE ERNEST IVEY

MEMORANDUM OPINION[*] BY

v.    Record No. 2506-00-2          JUDGE LARRY G. ELDER
                                     SEPTEMBER 18, 2001

COMMONWEALTH OF VIRGINIA


        FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
                  Margaret P. Spencer, Judge

        Christine A. Cestaro, Assistant Public
        Defender (Office of the Public Defender, on
        brief), for appellant.

        Paul C. Galanides, Assistant Attorney General
        (Mark L. Earley, Attorney General; Thomas M.
        McKenna, Assistant Attorney General, on
        brief), for appellee.


    Maurice Ernest Ivey (appellant) appeals from his

convictions for robbery, use of a firearm in the commission of a

felony, possession of a firearm by a juvenile, and possession of

a firearm after having been convicted of a felony.[1]  On appeal,

_____

        * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

        [1] On appellant's motion, the court severed the charge of
possession of a firearm by a convicted felon.  Appellant was
convicted in a jury trial for robbery, use of a firearm in the
commission of a felony and possession of a firearm by a
juvenile.  Appellant waived his right to a jury trial on the
charge of possession of a firearm after having been convicted of
a felony, and the trial court convicted him of that offense
based on the parties' stipulation to the evidence offered in the
jury trial.

he contends the evidence was insufficient to prove he was the criminal agent in the robbery, thus requiring reversal of all the convictions. In the alternative, he argues that insufficient evidence proved the gun used in the robbery was a firearm within the meaning of Code § 18.2-308.2, thereby requiring reversal of his conviction for possession of a firearm by a convicted felon. We hold the evidence was sufficient to prove appellant was the criminal agent and that the operational firearm recovered from his home two days after the robbery was the weapon used to commit the robbery. Thus, we hold the evidence was sufficient to support appellant's convictions, and we affirm.

In reviewing the sufficiency of the evidence on appeal, we examine the record in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom. See Martin v. Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987). The judgment of a trial court will be disturbed only if plainly wrong or without evidence to support it. See id. The credibility of a witness, the weight accorded the testimony, and the inferences to be drawn from proven facts are matters to be determined by the fact finder. See Long v. Commonwealth, 8 Va. App. 194, 199, 379 S.E.2d 473, 476 (1989). Any element of a crime may be proved by circumstantial evidence, e.g., Servis v. Commonwealth, 6 Va.

App. 507, 524, 371 S.E.2d 156, 165 (1988), provided the evidence as a whole "is sufficiently convincing to exclude every reasonable hypothesis except that of guilt," Coleman v. Commonwealth, 226 Va. 31, 53, 307 S.E.2d 864, 876 (1983).

At trial, the Commonwealth bears the burden of proving the identity of the accused as the perpetrator beyond a reasonable doubt.  Brickhouse v. Commonwealth, 208 Va. 533, 536, 159 S.E.2d 611, 613-14 (1968).  In determining whether the evidence adduced was sufficient to prove identity, we consider factors including:

> "the opportunity of the witness to view the criminal at the time of the crime, the witness' degree of attention, the accuracy of the witness' prior description of the criminal, the level of certainty demonstrated by the witness at the confrontation and the length of time between the crime and the confrontation."

Currie v. Commonwealth, 30 Va. App. 58, 73, 515 S.E.2d 335, 343 (1999) (quoting Neil v. Biggers, 409 U.S. 188, 199-200, 93 S. Ct. 375, 382, 34 L. Ed. 2d 401 (1972)).  Relevant to the eyewitness' level of certainty in identifying a perpetrator is whether the witness had seen the perpetrator prior to his commission of the charged offense.  See Lea v. Commonwealth, 16 Va. App. 300, 304, 429 S.E.2d 477, 479 (1993); Palmer v. Commonwealth, 14 Va. App. 346, 349, 416 S.E.2d 52, 54 (1992).

The fact that the perpetrator wore a mask may impair a witness' ability to identify him, but it does not prevent such an identification as a matter of law.  Compare Smallwood v.

- 3 -

Commonwealth, 14 Va. App. 527, 530-34, 418 S.E.2d 567, 568-70 (1992) (reversing conviction where eyewitness i.d. of masked robber was equivocal and other evidence was insufficient to link accused to robbery), with Hammer v. Commonwealth, 207 Va. 165, 166-68, 148 S.E.2d 896, 897-98 (1966) (affirming conviction where victim "testified positively" that accused was her masked assailant because she identified his voice, eyes and build); and Phan v. Commonwealth, 258 Va. 506, 508-12, 521 S.E.2d 282, 283-85 (1999) (affirming conviction where accused fought with and threatened victim; multiple witnesses testified that accused and one of masked assailants who later killed victim were both "unusually short and had the same 'chubby' figure, weight, hair length and color, nationality and skin tone"; and jury rejected accused's alibi).

Further, the absence of a direct, in-court identification of the accused is not dispositive, as long as the evidence, as a whole, proves guilt beyond a reasonable doubt. See Coleman, 226 Va. at 53, 307 S.E.2d at 876. In fact, an in-court identification often is argued to be suspect as "unduly suggestive." See, e.g., Charity v. Commonwealth, 24 Va. App. 258, 261-64, 482 S.E.2d 59, 60-62 (1997).

> An identification made by a victim or an eyewitness soon after a crime has been committed may be more objective and accurate and have greater probative value than one made later in court when unduly suggestive circumstances . . . or the changed

> appearance of the defendant[] might
> adversely affect the identifier's testimony.

Niblett v. Commonwealth, 217 Va. 76, 82, 225 S.E.2d 391, 394 (1976) (holding evidence of extrajudicial identification admissible to overcome deficiencies in courtroom identification where identification witness available for cross-examination).

Appellant contends the evidence was insufficient to support his convictions because it did not prove he was the criminal agent. He argues that no witness ever identified him at trial as the robber. Alternatively, he argues that the victim's identification of him as the perpetrator was insufficient because the victim remembered no distinguishing characteristics of the robber and was unable to articulate why he believed appellant was the masked assailant. We disagree and hold that the evidence as a whole, viewed in the light most favorable to the Commonwealth, was sufficient to prove that the victim identified appellant as the perpetrator on multiple occasions and that appellant was, in fact, the person who robbed the West End Market on March 6, 2000.

Mr. Lee testified that he had ample opportunity to view appellant prior to the robbery of March 6, 2000, because appellant had been a regular customer of the store for the duration of Mr. Lee's employment. Lee testified that he saw appellant in the store several times each week during the year

Mr. Lee had been working there. Appellant admitted he visited the store at least twice a day and knew Mr. Lee by sight.

Mr. Lee also had an opportunity to view appellant at close range on the day of the robbery and testified that he recognized appellant "immediately," before he became aware that appellant was attempting to rob the store. Appellant was dressed in the same outer clothing he wore into the store "almost every day," black pants with an army jacket and a hat "that becomes . . . a mask." Because Mr. Lee knew appellant as a regular customer, he believed appellant was "just joking" when the masked appellant told Mr. Lee not to move. Not until Lee noticed the gun appellant pointed at him could any fear for his safety have interfered with Lee's powers of observation. Lee testified that he could see the robber's mouth, eyes and hands, and that the robber was the same height and weight as appellant. Lee said he identified the robber as appellant not only by the clothing he wore but also by the way he moved. Lee had an opportunity to view the robber's movements as he entered the store and attempted to open the cash register and then, when the robber was unable to open the cash drawer himself, as he held the book bag in which he ordered Lee to deposit the money.

Mr. Lee never equivocated in his identification of appellant. Immediately after the robbery, before reviewing the surveillance videotape, Lee told his employer, Mr. Kang, that he

knew the robber as a regular customer of the store and simply did not know his name. Only two days later, when Lee again saw appellant in the store dressed in entirely different clothing, he immediately recognized appellant as the robber, and he immediately notified Mrs. Kang and then Mr. Kang that the robber had returned to the store. Mr. Kang testified that as soon as he arrived at the store, Lee pointed to appellant, who was still standing outside, and told him appellant was the person who had robbed the store. Mr. Kang identified appellant as Maurice Ivey. When Mr. Kang expressed fear of implicating an innocent person, Lee told Kang he was certain appellant was the robber.

Given Lee's demonstrated familiarity with appellant, his mannerisms, and his usual attire, we hold the jury was entitled to accept Lee's unequivocal identification of appellant as the robber as evidence sufficient to prove his identity as the perpetrator beyond a reasonable doubt. See Hammer, 207 Va. at 166-68, 148 S.E.2d at 897-98 (affirming conviction where victim observed masked, knife-wielding assailant only during assault but "testified positively" that accused was her assailant because she recognized his voice, eyes and build in a two-person lineup held over three weeks later).

Circumstantial evidence corroborated Lee's identification of appellant as the robber. When the police searched appellant's bedroom two days after the robbery, they found a

small, shiny, stainless-colored gun, camouflage army jacket and green book bag. The gun was concealed beneath a jacket on appellant's bed, and the jacket was found "bunched up" behind a pair of speakers in appellant's closet. These items matched the descriptions Lee gave to police immediately after the robbery, and Lee testified that these items closely resembled those used in the robbery. Although appellant claimed he had reported to school on the morning of the robbery and was on a bus on his way home from school at the time the robbery occurred, appellant presented no witnesses to corroborate his testimony, and the Commonwealth's evidence showed he was marked absent from school that day. The jury, in its role as the finder of fact, was entitled to conclude that appellant was lying to conceal his guilt. See, e.g., Speight v. Commonwealth, 4 Va. App. 83, 88, 354 S.E.2d 95, 98 (1987) (en banc). Although appellant's untruthfulness was not substantive evidence of guilt, the remaining evidence, both direct and circumstantial, viewed in the light most favorable to the Commonwealth, was sufficient to prove appellant was the robber.

The evidence also was sufficient to prove the object appellant possessed and displayed during the March 6 robbery was an actual firearm and was the same operational firearm that police seized during a search of appellant's room only two days later. Although Mr. Lee saw only the "front" and "top" part of

the gun with which appellant threatened him during the robbery, he testified that the size and color of the weapon introduced at trial were "the same" as the robber's gun.  Lee also testified that the robber pointed the barrel and "the hole directly at [him]" as he yelled, "Don't move," and various other commands at Lee.  Finally, the police found only one weapon in appellant's possession when they searched his room two days later, and subsequent ballistics testing confirmed that the weapon was an operational firearm.  Thus, the only reasonable hypothesis flowing from the circumstantial evidence, viewed in the light most favorable to the Commonwealth, was that the weapon appellant used in the robbery on March 6 was an actual firearm as required to support his conviction for possession of a firearm after having been convicted of a felony pursuant to Code § 18.2-308.2.  See Armstrong v. Commonwealth, 36 Va. App. 312, 322, 549 S.E.2d 641, 646 (2001) (en banc).

For these reasons, we hold the evidence was sufficient to support appellant's convictions, and we affirm.

Affirmed.