## CIRCUIT COURT OF ROANOKE COUNTY

State Farm Fire
and Casualty Co.

v.

Leslie Elizabeth Thomas
and Shane A. Amburgey

February 21, 2003

Case No. CH01-628

BY JUDGE ROBERT P. DOHERTY, JR.

With its Bill of Complaint for Declaratory Judgment, Insurance Company asks the Court to declare that the actions of its insured were intentional and that any injuries sustained by his girlfriend when he forcefully evicted her from his home by pushing or carrying her outside were the natural and probable consequence of his acts and thus not covered by the liability policy. In the underlying personal injury action, Plaintiff girlfriend alleged one count of intentional tort and one count of negligent tort against the Defendant boyfriend for injuries she sustained when he forcibly evicted her from his residence. The evidence is that after an altercation at a bar, Plaintiff girlfriend was asked to leave by the management. Later that night she telephoned the Defendant from her neighboring residence and advised him that she would immediately return the key to his condominium. A short time later, Defendant heard the key strike and ricochet off his front door. When he was unable to locate it, he telephoned the Plaintiff to ask where she had thrown the key.

She volunteered to come over to help locate it. After the key was found, the Plaintiff walked into the Defendants residence without an invitation. From this point on, the evidence is in conflict. Plaintiff claims that Defendant did not ask her to leave his residence but instead started pushing her out the door and that he ultimately pushed her off the porch, causing her to suffer serious injuries. Defendant testified that he was fearful of the Plaintiff and that he had

asked her three times to leave. He said that, when she would not leave, he picked her up and carried her outside and, in the process, he accidentally tripped and fell off of the porch, injuring the Plaintiff. The Court finds that the question of whether Defendant negligently or intentionally injured Plaintiff is a question for the jury and consequently denies the relief requested by the Insurance Company.

A jury could find that Defendant boyfriend was liable for Plaintiff's injuries on the theory that he was lawfully exercising his right of self help to eject a trespasser but that he did so negligently. The jury could find that Defendant used excessive force and knew or should have known that injury to the Plaintiff was a natural and probable consequence of his actions. The jury could also determine that the Defendant intentionally pushed and injured Plaintiff.

The law with respect to the first two theories is contained in *Diffendal v. Commonwealth*, 8 Va. App. 417, 421 (1989), wherein the Court restated the common law "recognizing the right of a landowner to order a trespasser away and, if he refuses to go, to use proper force to expel him so long as no breach of the peace is committed in the outset. The privilege to use such force is limited by the equally well recognized rule that a person shall not, except in extreme cases, endanger human life or do great bodily harm." See also *Pike v. Commonwealth*, 24 Va. App. 373 (1997), and *Montgomery v. Commonwealth*, 98 Va. 840 (1900). Although these are criminal cases, they correctly recite the applicable law.

The Insurance Company will be liable under its contract if the Defendant is found to have negligently injured Plaintiff while reasonably ejecting a trespasser. It will not be liable if the Defendant is found to have used excessive force that caused expected, probable, or reasonably foreseeable injury to the Plaintiff. It will not be liable if Defendant is found to have intentionally injured Plaintiff.