COURT OF APPEALS OF VIRGINIA

Present:   Judges Benton, Frank and Felton
Argued at Chesapeake, Virginia


TRONDELL ASKEW

                                                    MEMORANDUM OPINION* BY
v.        Record No. 0235-03-1                      JUDGE JAMES W. BENTON, JR.
                                                    FEBRUARY 10, 2004
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF SOUTHAMPTON COUNTY
Rodham T. Delk, Jr., Judge

Richard E. Railey, Jr. (Railey and Railey, P.C., on brief), for
appellant.

Jennifer R. Franklin, Assistant Attorney General (Jerry W. Kilgore,
Attorney General, on brief), for appellee.


The trial judge convicted Trondell Askew of carnally knowing by mouth another man in

violation of Code § 18.2-361.  Askew contends the judge erred in convicting him of violating the

statute and argues that the statute is unconstitutional.  We hold that the issue Askew raises on appeal

is barred by Rule 5A:18, and we affirm the conviction.

I.

Askew pleaded not guilty to the indictment charging a violation of Code § 18.2-361.  He

stipulated, however, that the Commonwealth's evidence was sufficient to convict him of the

offense.  In view of the stipulation, the prosecutor recited that the witnesses would testify that

Askew, an inmate in a penal facility, committed oral sodomy on another inmate by putting another

inmate's penis into Askew's mouth.  The event occurred by a fence in a recreation area and was

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

observed by two correctional officers. Askew agreed the prosecutor gave an accurate summary of the evidence.

The trial judge convicted Askew of the offense. Askew did not object to the conviction or to any incident that occurred at trial. At the sentencing hearing, Askew's attorney asserted that the three-year sentence sought by the prosecutor was too harsh and argued in mitigation that Askew had been punished administratively and that his conduct was not disruptive because it involved two consenting adults.

II.

Although Askew concedes he did not object at trial or otherwise raise a constitutional claim, he now contends that the conviction violates his right to privacy and that the decision in <u>Lawrence v. Texas</u>, 539 U.S. ___ (2003), establishes good cause for this Court to invoke the ends of justice exception to Rule 5A:18.

Rule 5A:18 provides, of course, that "[n]o ruling of the trial court . . . will be considered as a basis for reversal unless the objection was stated together with the grounds therefor at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice." Applying the rule, we have consistently held that when an appellant has failed to present an issue in the trial court or object to a ruling, we will not consider that issue on appeal. <u>Barrett v. Commonwealth</u>, 41 Va. App. 377, 403, 585 S.E.2d 355, 368 (2003); <u>Jacques v. Commonwealth</u>, 12 Va. App. 591, 593, 405 S.E.2d 630, 631 (1991). We have also held that the rule's procedural bar requirements "apply even to . . . constitutional claims." <u>Deal v. Commonwealth</u>, 15 Va. App. 157, 161, 421 S.E.2d 897, 900 (1992). <u>See also</u> <u>Commonwealth v. Washington</u>, 263 Va. 298, 304-05, 559 S.E.2d 636, 639 (2002) (holding that appellant waived his right to assert a Fifth Amendment double jeopardy violation by failing to object to a mistrial); <u>Jones v. Commonwealth</u>, 230 Va. 14, 18 n.1, 334 S.E.2d 536, 539 n.1 (1985) (holding that appellant's First and Fifth Amendment

arguments were not raised at trial and, thus, procedurally defaulted); <u>Waye v. Commonwealth</u>, 219 Va. 683, 690 n.1, 251 S.E.2d 202, 207 n.1 (1979) (holding that appellant's claim of a denial of equal protection was barred by Rule 5A:18); <u>Palmer v. Commonwealth</u>, 14 Va. App. 346, 347-48, 416 S.E.2d 52, 53 (1992) (dismissing appellant's Fifth Amendment claims by application of Rule 5A:18).

The "good cause" exception cannot be invoked merely because appellant's trial attorney believed the law was settled and, thus, failed to make an objection, reasoning it would have been futile. <u>Snurkowski v. Commonwealth</u>, 2 Va. App. 532, 536, 341 S.E.2d 667, 669 (1986). Moreover, the "ends of justice" provision of the rule may only be invoked "when the record affirmatively shows that a miscarriage of justice has occurred, not when it merely shows that a miscarriage *might* have occurred." <u>Mounce v. Commonwealth</u>, 4 Va. App. 433, 436, 357 S.E.2d 742, 744 (1987).

In this case, Askew stipulated that the evidence proved his conduct occurred in the openness of the recreation area and was readily observable. The <u>Lawrence</u> decision barred the state from enforcing statutes that criminalized consensual sexual acts occurring in a "dwelling or other private places." 539 U.S. at ___. Thus, we cannot say that this case raises either a good cause or ends of justice basis to forego the primary requirements of the rule.

Accordingly, we affirm the conviction.

<u>Affirmed</u>.