COURT OF APPEALS OF VIRGINIA

Present:  Judges McClanahan, Petty and Beales
Argued at Salem, Virginia

CORY MATTHEW STOCKMAN

 v.          Record No. 0334-07-3          MEMORANDUM OPINION[*] BY
                                           JUDGE ELIZABETH A. McCLANAHAN
COMMONWEALTH OF VIRGINIA                    MARCH 25, 2008

FROM THE CIRCUIT COURT OF AUGUSTA COUNTY
Thomas H. Wood, Judge

Charles E. Garner, Assistant Public Defender, for appellant.

Jennifer C. Williamson, Assistant Attorney General (Robert F. McDonnell, Attorney General, on brief), for appellee.

Appellant appeals his conviction of felony eluding under Code § 46.2-817(B) alleging the violation of his right to a trial by jury and his Fifth Amendment rights. We affirm the judgment of the trial court.

## I.  JURY INSTRUCTIONS

The Commonwealth prepared and offered jury Instructions 6 and 7 to the trial court. Instruction 6 was the instruction for misdemeanor eluding under Code § 46.2-817(A). After the evidence was presented at trial, the prosecutor withdrew jury Instruction 6, stating that there was no evidence of misdemeanor eluding. The trial court gave jury Instruction 7, the instruction for felony eluding under Code § 46.2-817(B). Appellant then stated that he had previously made an argument in chambers requesting the Commonwealth's jury Instruction 6, because "one doesn't

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

know how the jury will take the evidence." The argument he made in chambers, however, was not included in the transcript of the trial.

On appeal, appellant now argues that the failure to give jury Instruction 6 violated his right to a trial by jury under the Sixth Amendment of the United States Constitution and Article I, Section 8 of the Virginia Constitution. Appellant also contends that jury Instruction 7 was deficient because it failed to instruct the jury on what it should do if the Commonwealth failed to prove the fourth element of the offense beyond a reasonable doubt.[1]

As to jury Instruction 6, because there is no record of the argument or the trial court's ruling, we are unable to review appellant's claims that the trial court erred. "When the appellant fails to ensure that the record contains transcripts or a written statement of facts necessary to permit resolution of appellate issues, any assignments of error affected by such omission shall not be considered." Rule 5A:8(b). The trial court specifically asked appellant to state his position about the court's refusal to grant Instruction 6 and instead give Instructions 1, 2, 3, 5, and 7. In response, appellant said only that the defense was entitled to the instruction for the lesser-included offense, for the reasons appellant stated he had given the court in chambers while it was in recess, i.e., that "one doesn't know how the jury will take the evidence." However, there is no transcript in the record including the argument in chambers. We are, thus, unable to ascertain the parties' arguments and the basis of the judge's ruling. "If . . . the transcript is indispensable to the determination of the case, then the requirements for making the transcript a part of the record on appeal must be strictly adhered to." Turner v. Commonwealth, 2 Va. App.

---

[1] Jury Instruction 7 read: "If you find that the Commonwealth has failed to prove beyond a reasonable doubt any of the first three elements of the offense, then you shall find the defendant not guilty." Appellant argues that jury Instruction 7 should have included the following sentence: "If you find from the evidence that the Commonwealth has proven the first three elements of the offense, but has not proven the fourth element beyond a reasonable doubt, then you shall find the defendant guilty of eluding a police officer without interference or endangerment."

-2-

96, 99, 341 S.E.2d 400, 402 (1986). "If an insufficient record is furnished, the judgment appealed from will be affirmed." White v. Morano, 249 Va. 27, 30, 452 S.E. 2d 856, 858 (1995).

As to jury Instruction 7, appellant made no objection whatsoever at any time. "The Court of Appeals will not consider an argument on appeal which was not presented to the trial court." Ohree v. Commonwealth, 26 Va. App. 299, 308, 494 S.E.2d 484, 488 (1998). See Rule 5A:18. Rule 5A:18 allows exceptions for good cause or to meet the ends of justice; however, appellant does not argue that we should invoke these exceptions. Edwards v. Commonwealth, 41 Va. App. 752, 761, 589 S.E.2d 444, 448 (2003) (*en banc*); see also Redman v. Commonwealth, 25 Va. App. 215, 221, 487 S.E.2d 269, 272 (1997) ("In order to avail oneself of the exception, a defendant must affirmatively show that a miscarriage of justice has occurred, not that a miscarriage of justice *might* have occurred."). "We will not consider, *sua sponte*, a 'miscarriage of justice' argument under Rule 5A:18." Edwards, 41 Va. App. at 761, 589 S.E.2d at 448. Thus, we find that this argument is waived, and we will not consider it on appeal.

## II. RIGHT NOT TO TESTIFY

Appellant contends that the Commonwealth commented on his failure to testify at trial during rebuttal closing argument. Appellant then argues that such a comment violates his constitutional and statutory rights not to testify and, therefore, the trial court erred by not granting his motion for a mistrial or his subsequent amended motion to set aside the jury verdict, and by failing to issue a curative instruction to the jury.

"As a general rule, any comment that the Commonwealth's Attorney made referring to the defendant's election not to testify is a violation of his rights against self-incrimination as guaranteed by the Fifth Amendment." Johnson v. Commonwealth, 236 Va. 48, 50, 372 S.E.2d 134, 136 (1988) (citing Griffin v. California, 380 U.S. 609, 615 (1965)).

> In determining whether a remark falls within the boundary of the
> prohibition that a prosecutor shall not make an adverse comment

> before the jury on a defendant's failure to testify, the test is whether, in the circumstances of the particular case, "the language used was manifestly intended or was of such character that the jury would naturally and necessarily take it to be a comment on the failure of the accused to testify."

Hines v. Commonwealth, 217 Va. 905, 907, 234 S.E.2d 262, 263 (1977) (quoting Knowles v. United States, 224 F.2d 168, 170 (10th Cir. 1955)). See also Pollino v. Commonwealth, 42 Va. App. 243, 248, 590 S.E.2d 621, 624 (2004).

The evidence showed that Deputy Hammersburg was operating moving radar on westbound Jefferson Highway in Fishersville when a silver or light gold Honda passed by him going 57 mph in a 45 mph zone. Hammersburg turned around, approached the vehicle and activated his blue lights. The driver of the vehicle turned on his signal as if he were going to pull into a nearby parking lot, but then made an abrupt turn to the left, and with tires skidding, drove in the opposite direction. Hammersburg testified that as the suspect car drove past him, he was able to get a good look at the driver—a white male with short, dark hair. Although a pursuit ensued, Hammersburg was unable to catch the car. Hammersburg's sergeant, who had been monitoring the chase, instructed him to end the pursuit after the suspect car turned onto a two-lane rural highway, and was traveling up to 75 mph.

That same night, Hammersburg learned that the plates on the suspect car were stolen and belonged to a vehicle registered to Kimberly Ann Mays, the mother of appellant's girlfriend. Hammersburg went to Mays' address and asked her if she had seen appellant. She replied that she had not. Hammersburg proceeded to the Waynesboro Police Department, where they had a picture of appellant on file. Hammersburg positively identified appellant as the driver of the car.

Hammersburg obtained an arrest warrant, which Officer Dunn and another officer executed at Kimberly Mays' residence. Dunn first saw a man standing on the back porch of the residence, and then watched him enter the residence. The man matched the description of the

suspect car driver. Dunn and the other officer talked with Mays and her daughter and they searched the residence, but they could not locate the man. During a second search of the laundry room, Dunn found appellant hiding behind the washer and dryer under a pile of clothing. Without objection, Dunn testified that appellant did not make any statement when he handcuffed appellant in the laundry room.

During closing argument, appellant argued that he was not the driver and that Hammersburg's identification of the driver was not reliable. During rebuttal, the prosecutor pointed to Deputy Hammersburg's testimony that he had no doubt that appellant was the person he saw driving the vehicle. She also emphasized the overwhelming circumstantial evidence proving the appellant had driven the vehicle, including the stolen license plates from his girlfriend's mother's car, and the fact that appellant was discovered hiding beneath a pile of clothes in the laundry room at his girlfriend's mother's house early the next morning after he was seen on the back porch. The prosecutor stated that appellant had argued the police officer could have better identified him if they had been able to stop him, but the prosecutor told the jury that the pursuit was terminated because it was dangerous and stated:

> [W]hat we're hearing here, as is typical on these types of situation, when they call off the pursuit, now the defendant is –"It wasn't me. It wasn't me. It was somebody else." But without explaining why he's hiding from the police, without—or with the Commonwealth's circumstantial evidence tying this defendant to the vehicle, as well as personal identification . . . [.]

Appellant objected and argued the prosecutor commented on his failure to testify when she said that he did not explain why he was hiding. In the context of appellant contesting his identification, however, the prosecutor's rebuttal language was not of such character that the jury would naturally and necessarily take it to be a comment on the failure of the accused to testify particularly in light of Dunn's testimony, without objection, that appellant made no statement

when he was handcuffed in the laundry room.[2] In denying the motion for a mistrial, the trial judge stated that he "didn't hear anything that could be remotely termed a comment by [the prosecutor] on this man's failure to testify." In denying the motion to set aside the jury's verdict, the trial judge observed that "the evidence in this case is so absolutely overwhelming against this man—the personal identification, tags belonging to the car that's in the back yard of the house where he's found . . . I just don't know how you could have any evidence any stronger than that, short of catching him behind the wheel."

The Commonwealth could also properly comment on the fact that the defendant was hiding or otherwise fleeing to avoid detection. In Palmer v. Commonwealth, 14 Va. App. 346, 416 S.E.2d 52 (1992), we held "[I]t is universally conceded that the fact of an accused's flight, escape from custody, resistance to arrest, concealment, assumption of a false name, and related conduct are admissible as evidence of consciousness of guilt, and thus of guilt itself." Id. at 348-49, 416 S.E.2d at 53 (citing Langhorne v. Commonwealth, 13 Va. App. 97, 102, 409 S.E.2d 476, 480 (1991)). Without objection, the jury was also instructed on that aspect of the law in jury Instruction 5, which read: "If a person flees to avoid detection, apprehension or arrest, this creates no presumption that the person is guilty of having committed a crime. However, it is a circumstance which you may consider along with the other evidence."

Appellant also argues that the trial court should have given a curative instruction to the jury after denying the motion for a mistrial based upon the prosecutor's comment. Appellant had the burden of requesting a curative instruction if he thought it was necessary; he chose not to do

---

[2] Besides failing to object to Dunn's testimony, appellant did not, at trial, nor on appeal, argue that the prosecutor's remarks were the equivalent of using appellant's pre-arrest or post-arrest silence as substantive evidence of guilt in violation of appellant's Fifth Amendment right under the United States Constitution and Article I, Section 8 of the Virginia Constitution. See Doyle v. Ohio, 426 U.S. 610 (1976); Taylor v. Commonwealth, 26 Va. App. 485, 495 S.E.2d 522 (1998). Thus, the argument is waived and we will not consider it. See Rule 5A:18; Rule 5A:20(e).

so.  Cheng v. Commonwealth, 240 Va. 26, 40, 393 S.E.2d 599, 607 (1990) (citing Clanton v. Commonwealth, 223 Va. 41, 54, 286 S.E.2d 172, 179 (1982)).  The trial court was not required to give a cautionary instruction *sua sponte*.  Id.  The trial court did, however, give jury Instruction 3, which read, "The defendant does not have to testify, and exercise of that right cannot be considered by you."

We, therefore, find that the trial court did not err in its ruling that the remarks of the prosecutor did not amount to an adverse comment on appellant's failure to testify.  Further, we find that the trial court did not err in failing to give a curative instruction after denying appellant's motion for a mistrial based upon the prosecutor's remarks.  Accordingly, we affirm appellant's conviction.

                                                                                        Affirmed.